UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAYNE COLLINS, | Case No. 2:26-cv-0601-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER LOGAN, *et al.*, | |
| Defendants. | |

Plaintiff, a detainee in the Tehama County Jail, brings two separate claims, one against his criminal trial counsel for ineffective assistance, and the second alleging that the jail confiscated and lost his property. ECF No. 1 at 3-5. The complaint fails to state a cognizable claim. I will dismiss the complaint with leave to amend so that plaintiff may explain why, if at all, this action should proceed. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening Order**

**I.      Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.      **Analysis**

As an initial matter, plaintiff's claims against his trial counsel are not cognizable in a section 1983 action.  Whether a public defender or a retained private counsel, he is not a "state actor" within the meaning of section 1983.  *See Briley v. State of California*, 564 F2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act."); *Miranda v. Clark County*, 319 F.3d 465 (9th Cir. 2003) (en banc) (holding that a public defender is not a state actor).  Additionally, assuming plaintiff's conviction has been finalized, any claim challenging its validity must be brought in a habeas action.  If plaintiff's criminal proceedings are ongoing, then

2

this court would likely need to abstain from adjudicating any claims that would interfere.

And, as to plaintiff's property claims, he may not bring a section 1983 claim for deprivation of property if, as in California, the state provides an adequate remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990). Finally, the jail itself is not a viable defendant under section 1983. *See Gatlin v. Bank of Am.*, No. 2:23-CV-0272-DAD-KJN P, 2023 U.S. Dist. LEXIS 43644, *4 (E.D. Cal. Mar. 15, 2023) ("Turning to plaintiff's claim against defendant Sacramento County Jail, an agency or department of a municipal entity is not a proper defendant under Section 1983.").

I will dismiss the complaint with leave to amend so that plaintiff may address these issues. He is advised that an amended complaint will entirely supersede the original complaint, and it should be filed on the form included with this order and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:     March 16, 2026     _____
                              JEREMY D. PETERSON
                              UNITED STATES MAGISTRATE JUDGE

3