UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAYNE COLLINS,

Plaintiff,

v.

CHRISTOPHER LOGAN, *et al.*,

Defendants.

Case No. 2:26-cv-0601-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

This section 1983 action proceeds on plaintiff's first amended complaint. ECF No. 7. Therein, plaintiff, a detainee in the Tehama County Jail, alleges that defendants have violated his rights in connection with ongoing state criminal proceedings. *Id.* at 5. These claims are not cognizable, and I now recommend dismissal of this section 1983 action.

I.      Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

Plaintiff alleges that defendants, including a superior court judge, his own public defender, and the Tehama County District Attorney's Office, have conspired to maliciously prosecute him and coerce him into accepting a plea deal.  ECF No. 7 at 3-5.  These allegations are non-cognizable for several reasons.

First, many of the individuals and entities named are not viable defendants in a section 1983 actions.  *See Miranda v. Clark County*, 319 F.3d 465 (9th Cir. 2003) (en banc) (holding that a public defender is not a state actor); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutor immune from civil suit for damages under section 1983 for initiating criminal proceedings); *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (judges immune from civil suits arising from their official duties).

Second, plaintiff's state criminal proceedings appear ongoing and, thus, are barred by the *Younger*[1] abstention doctrine.  Unless extraordinary circumstances are present, federal courts must abstain from hearing suits where: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so.  *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).  All those elements appear to be met if plaintiff's state proceedings are ongoing.  Criminal proceedings implicate important state interests, plaintiff can raise his claims before the state court (and, if necessary, in the state appellate system), and finding in favor of plaintiff in this suit would necessarily enjoin the ongoing proceedings insofar as the gravamen of his claims is that those proceedings are illegitimate.

Third, if plaintiff's state criminal proceedings are concluded, they are barred by *Heck*'s favorable termination rule.  To recover damages based on an unconstitutional conviction, a section 1983 claimant must show that conviction was reversed, expunged, or otherwise had its validity called into question.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff has not done so.

Lastly, I find that additional opportunities to amend would be futile, as plaintiff could proceed past screening without changing the fundamental nature of his claims.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the first amended complaint, ECF No. 7, be DISMISSED without leave to amend as non-cognizable under section 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

3

court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:      April 21, 2026      _____

                                        JEREMY D. PETERSON
                                        UNITED STATES MAGISTRATE JUDGE